Bohn, J.
The plaintiff, Robert D. Quirk, is the trustee of the Clearwater Realty Trust aka Clearwater Trust, Inc. (Quirk). This suit, an action in both tort and equity stemming from the “Olde Marlborough Road Estates” subdivision in Maynard, Massachusetts, commenced against the Planning Board of the Town of Maynard (Planning Board) on February 1, 1996. On November 12, 1997 the plaintiff amended his complaint to add Fleet Bank as a direct defendant. The dispute concerns the disposition of the funds contained in a Waltham Savings Bank passbook originally containing $99,500.00 pledged by the plaintiff in a bond dated December 13, 1988. This bond was required by the Town of Maynard as security for the completion of the Olde Marlborough Road Estates project in accordance with the terms of the covenants *502 and conditions of the subdivision’s approval. On December 14, 1990 Hayes Development Corporation (Hayes) purchased the land in question from the Waltham Savings Bank and completed the project.
This matter is before the court on the defendants’ motion for summary judgment. On November 19, 1998, at a hearing before this court, the defendants argued 1) that the plaintiff failed to meet the terms and conditions of the subdivision’s approval and therefore forfeited the bond money; 2) that the money in the savings passbook was assigned to the Town of Maynard on Quirk’s default; and 3) that the plaintiff has no standing to bring this complaint as he no longer has an interest in the funds. Additionally, Fleet Bank argued that the tort claims are time-barred and that they have been prejudiced by the delay between their release of the funds and the onset of this complaint.
In response to the defendants’ joint motion for summary judgment the plaintiff disputes the authority of the Town of Maynard, under the terms of the bond, to dispose of the funds pledged in the passbook after Quirk failed to complete the subdivision by the deadline date.
For the reasons set forth below, the defendants’ motion for summary judgment will be ALLOWED.
BACKGROUND
On or about August 23, 1988 the Town of Maynard approved Quirk’s thirty-four lot, residential, definitive subdivision plan with express covenants and conditions. Those conditions included, among other things, specifications for the construction of a road and granite curbing. The subdivision project was to be completed on or before December 13, 1990. As part of the approval process, Quirk was required to post security for a bond in the amount of $99,500.00 to insure that the subdivision project would be completed according to the terms and conditions specified in the approved subdivision plan. This amount represented an estimate of the cost of the items required in the construction of the residential subdivision according to the terms and conditions of the approval by the Planning Board. Mr. Quirk offered, and the Town of Maynard’s Planning Board accepted, security in the form of a Waltham Savings Bank passbook funded by Quirk. In a series of bank reorganizations, Waltham Savings Bank became Sterling Bank. Sterling Bank then became Fleet Bank, resulting in Fleet Bank possessing the passbook with the funds in question.
The bond was dated December 13, 1988. It was signed by five members of the planning board and the plaintiff. In pertinent part, it reads:
Clearwater Trust, Inc. of Sudbury, Massachusetts hereby binds and obligates itself, its executors, administrators, devisees, heirs, successors and assigns to the Town of Maynard ... in the sum of $99,500.00 . . . and has secured this obligation by Book No. 167559 drawn on the Waltham Savings Bank of Waltham . . . (all), or a proportionate part of said sum to be used to insure the performance by the obligor of all the covenants, conditions, agreements, terms and provisions relating to Lots 41 through 934 . . . under which approval of a definitive plan of a certain subdivision entitled “Olde Marlborough Road Estates,” Covenant and Plan dated August 1, 1988 . . . has been granted by the Maynard Planning Board.
In the event the obligor should fail to perform his obligations on the project in accordance with the rules and regulations of the Maynard Planning Board, the Town of Maynard may use these funds, or any part thereof, to satisfy and complete the obligor’s obligations on said project.
The assignment, also dated December 13, 1988 and signed by Quirk reads:
I, Robert D. Quirk, Trustee of Clearwater Trust, Inc. do hereby assign to the Treasurer for the Town of Maynard Pass Book No. 167559 dated 5-31-89, containing ninety-nine thousand and five hundred ($99,500.00) DOLLARS drawn on Waltham Savings Bank to guarantee full performance of obligations set forth in an Order of the Town of Maynard Planning Board under its authority to grant subdivision approval, pursuant to the provisions of Massachusetts General Laws, Chapter 31 and said order being approved February 11, 1986 . . .
Plaintiff experienced financial difficulties which resulted in foreclosure of the subdivision property. He failed to meet the terms and conditions of the subdivision’s approval by December 13, 1990. After foreclosure, plaintiff reached a settlement agreement with Waltham Savings Bank. On October 22, 1990, plaintiff signed a document releasing the Waltham Savings Bank and its successors (such as Fleet Bank) from “any and all claims, demand or liabilities, whatsoever, of every name and nature both at law and in equity, known or unknown, which the Trust and/or Quirk now have or ever had from the beginning of the world through the date hereof.”
Following an inspection by the Town of Maynard’s Department of Public Works, the Planning Board, on May 13, 1993, released the funds to Hayes who had satisfactorily completed the required subdivision work.
DISCUSSION
A motion for summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving parly is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c). A motion for summary judgment shall be granted “if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any *503 material fact and that the moving parly is entitled to judgment as a matter of law.” Cassesso v. Comm’r. of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law." Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
A party moving for summary judgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord, Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions or disputed facts to defeat the motion for summary judgment.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
It is well established that standing is a prerequisite of a party who wishes to bring a suit. There is no question that plaintiff defaulted on the terms and conditions of the Order governing the subdivision’s approval by the deadline date of December 13, 1990. Quirk lacks standing because he relinquished any ownership rights he may have had in the passbook when he failed to meet the obligations he agreed to in exchange for the Planning Board’s approval of the subdivision. Although plaintiff also signed an assignment and release with clear and unambiguous terms which in substance over form do not favor him with relief, this matter turns on the conditions the parties agreed to in the bond instrument.
The bond states veiy clearly that the town is authorized to use the funds pledged to secure the bond to complete the project if the plaintiff fails to do the same by the deadline date. “In the event the obligor [Quirk] should fail to perform his obligations . . . the Town of.Maynard may use these funds ... to satisfy and complete the obligor’s obligations on said project.” This authority is unequivocal. There is no language in the bond or assignment which requires, as plaintiff maintains, Quirk’s approval prior to any disposition of the funds after default. The town, by allowing a performance bond, extends a privilege to developers who would otherwise have to comply fully with all conditions prior to plan approval. See United Reis Homes, Inc. v. Planning Board of Natick, 359 Mass. 621, 625 (1971).
Plaintiff does not dispute the fact that the terms and conditions associated with the approval were not met by December 13, 1990, the deadline date noted in the bond. Since plaintiff lost ownership interest in the passbook as of this date, he no longer has standing to challenge the disposition of these funds. To hold otherwise would be to undermine the entire purpose of the bond system used by many towns and municipalities to preclude the burden of incomplete subdivisions and enforce zoning by-laws. See Gordon v. Robinson Homes, Inc., 342 Mass. 529, 531-32 (1961). See also Stoner v. Planning Board of Agawam, 358 Mass. 709 (1971) (matters related to the security posted for the construction performance bond are in the hands of the town or municipality).
Resolution of the standing issue in favor of the defendants obviates the need to address the substantive matter in this case. The defendants’ motion for summary judgment must therefore be ALLOWED.
ORDER
Based on the foregoing, it is ORDERED that the defendants’ motion for summary iudgment is ALLOWED.